Peter S. Cane (PC-9220)
CANE & ASSOCIATES LLC
230 Park Avenue
New York, New York 10169
(212) 922-9800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIA ZISA, Plaintiff, - against- PERRY ELLIS INTERNATIONAL, INC. and SUPREME INTERNATIONAL, LLC, Defendants. | 05 Civ. 10876 (KMW)<br>**COMPLAINT**<br>Plaintiff Demands Trial by Jury<br>**ECF CASE** |

Plaintiff Natalia Zisa, by her undersigned attorney, for her complaint, alleges upon knowledge as to herself and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action arising out of defendants' unlawful use of the plaintiff's image to advertise their products. The defendants, knowing full well that they did not have the plaintiff's consent to do so, have launched a massive national advertising campaign, including full page reproductions of her image in magazines and on billboards, to sell the defendants' "Cubavera" line of clothing.

2. This was not an honest mistake. Far from it. The defendants entered into a written agreement with the plaintiff which expressly barred the use of her image unless it was used for the purposes of promoting the musical stage play in which she was then appearing.

3. The defendants were able to acquire the photographs without paying the plaintiff a reasonable and customary modeling fee because the photographs were to be used for promoting her show. Pursuant to collective bargaining and other agreements between the producers of the show and Actors' Equity Association ("AEA"), the plaintiff's trade union, the plaintiff agreed to pose for the photographs in exchange for a nominal "day rate" payment rather than the substantially higher commercial advertising rates to which the plaintiff would have been entitled. Actors and actresses typically agree as part of their employment contracts to appear in advertisements for the show in which they are appearing for token payments. Without these agreements, it would not be economically feasible for the producer to use photographs of the show's cast to advertise the show.

4. Here, the defendants knew that the plaintiff had granted a strictly limited consent for the use of her photograph because the defendants drafted the consent that the plaintiff signed and the defendants commissioned the photographs as part of a planned campaign in which their clothing line aimed at Latin-American consumers would sponsor the Latin-themed show in which the plaintiff was then appearing.

5. Anticipating that the show would have its Broadway premiere in July 2005, the defendants arranged for the plaintiff to pose for a photo session in May 2005. Plaintiff understood at that time that the resulting photographs would be used to promote the show, and the contract that the defendants drafted expressly provides that the photographs "cannot be used in any way unless used in conjunction with promoting The Mambo Kings."

6. Despite their contractual agreement to the contrary, and in blatant violation of the plaintiff's rights under the statutes and common law of New York and California, among other laws, the defendants have continued to use her likeness for the sole purpose of advertising their goods in national magazines and on billboards.

7. Plaintiff, through her counsel, has demanded that the defendants cease and desist their violations of plaintiff's rights and to produce a copy of any agreement that would authorize them to have used her likeness as they did. The defendants have refused to either produce such an agreement or stop their unlawful use of plaintiff's likeness.

8. Plaintiff therefore respectfully asks this Court to enjoin the defendants from further violating her rights and to award her monetary damages and attorneys' fees as permitted by statute. Plaintiff additionally submits that the defendants have intentionally and willfully engaged in an unfair business practice that warrants exemplary damages.

**JURISDICTION AND VENUE**

9. Jurisdiction in this Court is based on 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred and had a substantial impact in the Southern District of New York.

**THE PARTIES**

11. Plaintiff Natalia Zisa ("Zisa") is a citizen of New York and resides at 300 West 135th Street, New York, New York 10030. Zisa is a well-known actress and dancer

who has appeared in national television commercials for Schick shaving products and Dr. Pepper soda, among other products. Her stage credits include the original Broadway cast of *Aida*, and she was a principal dancer with the Metropolitan Opera in New York.

12. Perry Ellis International, Inc. ("Perry Ellis") is incorporated in the state of Florida and has its principal place of business at 3000 NW 107th Avenue, Miami, Florida 33172. Perry Ellis (NASDAQ: PERY) is a licensor, designer and marketer of apparel with annual revenues of approximately $1 billion. Perry Ellis maintains offices, employees and bank accounts in this district, and Perry Ellis derives substantial revenues from sales in New York.

13. Supreme International, LLC ("Supreme International") is a wholly-owned subsidiary of Perry Ellis and has its principal place of business at 3000 NW 107th Avenue, Miami, Florida 33172. It is incorporated in the state of Delaware. Supreme International prepared the limited consent at issue and sent it by fax to Zisa through her agent's office in this district.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

14. In the summer of 2005, Zisa was appearing in "The Mambo Kings" (the "show"), a new stage musical version of Oscar Hijuelos' 1989 Pulitzer Prize-winning novel *The Mambo Kings Sing Songs of Love*. The show ran at the Golden Gate Theater in San Francisco in May and June 2005.

15. The show's producers asked Zisa to participate in a photo shoot during the San Francisco run of the show. Zisa understood that the photos were to be used only in connection with promoting and advertising the San Francisco production and the

anticipated Broadway production of the show, which was scheduled to begin performances in New York on July 20, 2005.

16. Zisa's New York-based agent asked for and received a copy of the customary written agreement for an actress promoting her own show. The agreement provided both material terms of such an agreement; Zisa would receive only a nominal "day rate" payment of $600, the same payment she would receive for a day of rehearsal, and therefore the agency responsible for the photo session was expressly prohibited from using the photographs of Zisa "in any way unless used in conjunction with promoting The Mambo Kings." A copy of this agreement is attached as Exhibit A.

17. This customary agreement serves the common interests of both producer and actress, who both want the show to succeed commercially. The weekly compensation paid to the actress is also negotiated with the understanding that the actress will not be paid additional fees for advertising and promotion photographs. This type of arrangement is also necessary because otherwise it would not be economically feasible for producers to separately pay much larger commercial endorsement fees to their cast members.[1]

18. Supreme International prepared and faxed the written agreement to Zisa's agent. At the time, Zisa and her agent believed that Supreme International was an independent graphic design agency. They did not know that Supreme International was affiliated with, much less owned by, Perry Ellis until shortly before this action was filed.

19. Consistent with Zisa's understanding, the written agreement provided to her agent and which she signed prior to the photo shoot expressly prohibits the

---

[1] In just one recent example, the L'Oreal hair care company paid actress Scarlett Johansson $4 million to endorse their products.

photographs of Zisa from being used "in any way unless used in conjunction with promoting The Mambo Kings." *See* Exhibit A.

20. Notwithstanding the plainly limited scope of Zisa's written consent, Supreme International and its parent company, Perry Ellis, are knowingly using the photographs of Zisa outside the scope of such consent for commercial purposes and thereby misappropriating Zisa's likeness.

21. Specifically, Perry Ellis is using the photographs of Zisa in a nationwide advertising campaign for its "Cubavera" clothing line that make no reference to "The Mambo Kings." These advertisements have appeared in national magazines such as *People* and *Details* (Exhibit B) and on billboards (Exhibit C).

22. Zisa does not yet know the full extent of Perry Ellis's advertising campaign because Perry Ellis has not responded to her repeated requests for this information.

23. By letter dated December 14, 2005, Zisa's attorney advised Perry Ellis's general counsel that Zisa had become aware of the unauthorized use of her photographs "within the past few days" and demanded that Perry Ellis provide "any agreement that would satisfy, for example, the requirements of New York Civil Rights Law Sections 50 and 51." A copy of this letter is attached as Exhibit D.

24. On December 16, 2005, Perry Ellis's general counsel agreed to provide a signed copy of Zisa's authorization permitting Perry Ellis's use of the disputed photographs. *See* Exhibit E. Rather than doing so, however, Perry Ellis engaged New York counsel, who has advised plaintiff's attorney that his client would not voluntarily provide a copy of the agreement.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51**

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. Defendants are using Zisa's portrait and picture within the state of New York for advertising purposes and purposes of trade with knowledge that Zisa has not provided consent for such use.

**SECOND CAUSE OF ACTION**
**MISAPPROPRIATION OF IMAGE UNDER CALIFORNIA COMMON LAW**

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Defendants are using Zisa's photographs in their advertising campaign for their commercial advantage.

29. Defendants' use of Zisa's photographs exceeds the scope of Zisa's written consent which limits the use of her image.

30. As a result of defendants' misappropriation, Zisa has incurred substantial damages and continues to incur substantial damages.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION § 3344**

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. Defendants are knowingly using Zisa's photographs for purposes of advertising or solicitation of purchases.

33. There exists a direct connection between defendants' use of Zisa's photograph and the commercial purpose.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. Zisa and defendants entered into the Agreement in or about May 15, 2005. Zisa fully performed her obligations under the Agreement.

36. Defendants breached the Agreement by, among other things, intentionally using Zisa's image in a manner that violated the material terms of the Agreement.

37. Zisa has been damaged thereby in the minimum amount of $250,000.

**FIFTH CAUSE OF ACTION**
**QUANTUM MERUIT**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Zisa fully performed services in good faith by posing for defendants at the photo shoot.

40. Defendants accepted these services provided by Zisa.

41. Zisa had an expectation that she would be compensated for her services in an amount reasonable with the value of such services.

42. Defendants reaped and continue to reap a benefit conferred on them by Zisa to her detriment and expense as plaintiff has not been compensated in an amount reasonable with the value of her services.

**SIXTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

44. Defendants' use of the photographs of Zisa allowed them to obtain a benefit that in equity and good conscience they should not have obtained because the right of such use belongs to Zisa.

WHEREFORE, plaintiff respectfully requests a Judgment of the Court as follows:

A. On the first cause of action:

1. Enjoining and restraining defendants from using all photographs of Zisa unless she provides appropriate written consent;

2. Compelling defendants to return all copies of all photographs to plaintiff;

3. Directing defendants to account to plaintiff for all uses of the photographs;

4. Compensatory damages in an amount to be determined at trial, but not less than $250,000;

5. Exemplary damages in an amount to be determined at trial, but not less than $1,000,000 on account of the defendants having knowingly used plaintiff's picture or portrait in violation of the provisions of New York Civil Rights Law § 51; and

6. Plaintiff's reasonable attorneys' fees and costs of this action.

B. On the second cause of action:

1. Enjoining and restraining defendants from using all photographs of Zisa unless she provides appropriate written consent;

2. Compelling defendants to return all copies of all photographs to plaintiff;

3. Directing defendants to account to plaintiff for all uses of the photographs;

4. Compensatory damages in an amount to be determined at trial, but not less than $250,000;

5. Exemplary damages in an amount to be determined at trial, but not less than $1,000,000 on account of the defendants having knowingly used plaintiff's picture or portrait in violation of California common law; and

6. Plaintiff's reasonable attorneys' fees and costs of this action.

C. On the third cause of action:

1. Enjoining and restraining defendants from using all photographs of Zisa unless she provides appropriate written consent;

2. Compelling defendants to return all copies of all photographs to plaintiff;

3. Directing defendants to account to plaintiff for all uses of the photographs;

4. Compensatory damages in an amount to be determined at trial, but not less than $250,000;

5. Exemplary damages in an amount to be determined at trial, but not less than $1,000,000 on account of the defendants having knowingly used plaintiff's picture or portrait in violation of the provisions of California Civil Code Section § 3344; and

6. Plaintiff's reasonable attorneys' fees and costs of this action.

D. On the fourth cause of action, an award of damages in an amount to be determined at trial, but not less than $250,000.

E. On the fifth cause of action, an award of damages in an amount to be determined at trial, but not less than $250,000;

F. On the sixth cause of action, an award of damages in an amount to be determined at trial, but not less than $250,000;

G. Awarding plaintiff her attorneys' fees and costs of this action; and

H. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 30, 2005

Peter S. Cane (PC-9220)
CANE & ASSOCIATES LLC
230 Park Avenue
New York, New York 10169
(212) 922-9800

Attorneys for Plaintiff

# EXHIBIT A

 

This will confirm the agreement between ____ ("you") and Supreme International, LLC ("Graphic Design Firm") regarding your participation in a photography session (the "Session") scheduled to occur on May 15, 2005, in connection "THE MAMBO KINGS the musical" (The "Show").

You hereby agree as follows:

(a) to render services on May 15, 2005 in connection with the Session;

(b) to permit the Graphic Design Firm, throughout the world in perpetuity, to use your portrait and likeness as recorded in the Session (collectively, the "Materials"), in outdoor (primarily billboards) and print media and visuals, for any and all purposes promoting the musical "THE MAMBO KINGS the musical."

(c) that the Graphic Design Firm shall have the right to edit, modify, add to and/or delete any or all of the material contained in the Materials, in whole or in part. THE MAMBO KINGS shall always have approval over the Materials and the Materials cannot be used in any way unless used in conjunction with promoting THE MAMBO KINGS.

In exchange for the rights granted hereunder, the Graphic Design Firm hereby agrees to pay to you a sum equal to Six Hundred ($600.00) Dollars, which is in compliance with the terms of the Actors' Equity Association Production Contract. Graphic Design Firm hereby guarantees that no other Actor rendering services on May 15, 2005 in connection with the Session will receive more favorable compensation.

This agreement may not be modified except in writing signed by you and the Graphic Design Firm.

Very truly yours,

[signature]

Supreme International, LLC

AGREED AND ACCEPTED:

______________________ ______________

(Name of Talent) (date)

Supreme International, LLC

# EXHIBIT B


Cubavera® is a trademark owned by PEI Licensing, Inc., a wholly owned subsidiary of Perry Ellis International
Cubavera®
"Fashion with Latin Flavor"
Moda con Sabor Latino
www.cubavera.com

**EXHIBIT C**


Cubavera®
Fashion with Latin Flavor / Moda con Sabor Latino
www.cubavera.com
VIACOM
0785

# EXHIBIT D

**Cane & Associates** LLC
Attorneys at Law

230 Park Avenue
New York, New York 10169

212.922.9800 tel
212.922.9822 fax
mail@canelaw.com

December 14, 2005

**By Facsimile and**
**Federal Express**

Mr. Alberto de Cardenas
Senior Vice President and
General Counsel
Perry Ellis International Inc.
3000 NW 107 Avenue
Miami, FL 33172

Dear Mr. de Cardenas:

We represent Natalia Zisa. We have learned within the past few days that Perry Ellis International Inc. ("Ellis") is using several photographs of Ms. Zisa in advertisements for the Ellis' wholly-owned Cubavera clothing line. A copy of one such advertisement is enclosed for your reference.

We are advised by our client that Ellis is not authorized to use her likeness for the purpose of advertising its products. If you are aware of any agreement that would satisfy, for example, the requirements of New York Civil Rights Law Sections 50 and 51, please provide a copy of this agreement to the undersigned immediately. If we do not receive a copy of this agreement by the close of business on December 19, 2005, we will conclude that no such agreement exists.

Please feel free to call me if you have any questions.

Very truly yours,

Peter S Cane/pd

Peter S. Cane

cc: Mr. George Feldenkreis
Mr. Oscar Feldenkreis


Cubavera
VIACOM

**EXHIBIT E**

**Cane & Associates LLC**
Attorneys at Law

230 Park Avenue
New York, New York 10169

212.922.9800 tel
212.922.9822 fax
mail@canelaw.com

December 16, 2005

**By Facsimile**

Ms. Geri Mankoff
Perry Ellis International, Inc.
3000 NW 107 Avenue
Miami, FL 33172

Dear Ms. Mankoff:

During our telephone conversation on Wednesday, December 14, 2005, you stated that you would "be happy to" send me by fax and email a copy of the agreement in which my client, Natalia Zisa, purportedly authorized Perry Ellis International, Inc. ("Perry Ellis") to use her image for the purpose of advertising and endorsing Cubavera products. I have not received a copy of any such agreement, or any substantive response, from you to date.

If I do not receive an agreement authorizing such use of Ms. Zisa's image by 5:00 p.m. on Monday, December 19, 2005, I will conclude that no such authorization exists and file an action without further notice against Perry Ellis for, among other things, violation of New York Civil Rights Law Sections 50 and 51 and California Civil Code Section 3344. In connection with such action, my client will seek injunctive relief, money damages (including punitive damages) and attorneys' fees and costs as authorized by statute.

The foregoing is not intended to be, and should not be relied upon as, a statement of my client's legal position. This letter is sent to you without prejudice to my client's right at law and equity, all of which are expressly reserved.

Very truly yours,

Peter S. Cane